PEOPLE ex rel. KOPP v. POLICE COMRS. OF N. Y.     507

First Department, March Term, 1886.

## THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT KOPP, STEPHEN B. FRENCH and Others, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEW YORK, Respondent.

*Public intoxication — when a " crime" within the meaning of that term as used in the statute, 1882, chap. 410, sec. 268.*

A person who has been arrested, convicted and fined for a violation of section 17 of chapter 628 of 1857, as amended by chapter 856 of 1869, in that he has been found intoxicated in a public place, has " been convicted of a crime," within the meaning of that term, as used in section 268 of chapter 410 of 1882, and is thereby disqualified from continuing to be a member of the police force of the city of New York.

Certiorari to review the proceedings of the respondent in removing the relator from the position of policeman in the city of New York, on the ground that he had " been convicted of a crime" within the meaning of section 268 of chapter 410 of 1882.

*John E. Burke*, for the appellant.

*D. J. Dean*, for the respondent.

Davis, P. J. :

The relator was appointed July 16, 1883, a patrolman of the police force of the city of New York. He continued in that office performing its duties until the 30th day of October, 1885, when by a resolution of the board his name was stricken from the roll of the police department and force, and the superintendent was directed to issue the necessary order for the return of his shield and manual, and not to allow him to perform any further duty as a patrolman. This action was taken wholly upon the ground that he was ineligible to continue to hold office, because he was on the 13th of April, 1880, convicted of intoxication in the Second District Police Court of the city. No written charges were preferred against the relator, but a resolution was passed by the board in the following form :

" *Resolved*, That patrolman Robert Kopp, Twenty-second Precinct, be directed to appear before this board on the thirtieth inst. at 12 m., and that the attendance of Knox McAfee, clerk Second District Police Court, be requested." A copy of this resolution was

508 PEOPLE ex rel. KOPP *v.* POLICE COMRS. OF N. Y.

First Department, March Term, 1886.

not served on the relator, but he was informed by another officer that the board required his appearance and on the thirtieth of October he appeared in person accompanied by his counsel. It was then stated to him that the attention of the board had been called to a statement in which "it was alleged that officer Kopp, at the time that he was appointed a member of this force, of the police force, had been guilty and had been so pronounced by a court of a crime which, if such was the fact, made him ineligible for appointment at the time he was made a member of the force;" and that he had been summoned before the board for the purpose of making inquiry in regard to that and ascertaining the facts. No objection was made by the relator that he had not had proper and sufficient notice of the charge to be investigated, and it was undoubtedly understood what was the subject-matter of the investigation because he appeared by counsel as well as in person, and the counsel before any evidence was taken stated as follows :

If your honors please, I appear for the defendant, and we have to say this, that although we admit there that the officer had been arrested and fined in a police court, we now contend that there has never been a conviction of any crime. The defendant was called and examined, and he in substance admitted that he had been arrested for intoxication, taken before Mr. Justice Otterbourg, a police magistrate and by him fined five dollars, for the alleged offense on the 12th of April, 1880; that in his application, in answer to the question contained therein, "have you ever been arrested for or convicted of any crime?" his answer was, "not to my knowledge;" that he did not consider that a crime, and that the idea that it was a crime never entered his head when he was signing that answer. The minutes of the police court were put in evidence amongst other things, showing that James Cumming, an officer of the Twenty-fifth Police Precinct, arrested Robert Kopp in a state of intoxication in a public place, and that Kopp was then on Broadway unable to take care of himself ; that the statement of Kopp before the magistrate in substance admitted the offense charged and that thereupon he was fined five dollars by the police justice. The evidence sufficiently showed that he was convicted of the alleged offense. It is of no importance that the deposition or affidavit of the officer was not subscribed by him. It appears that it was sworn to before the

PEOPLE ex rel. KOPP v. POLICE COMRS. OF N. Y.  509

First Department, March Term, 1886.

police justice and the proceedings and the evidence were sufficient to confer jurisdiction upon the magistrate.

The first question raised by the relator's counsel, is that the relator should not have been removed from his position as a police officer without written charges having been preferred against him. The answer is, there are no charges of offenses committed by the relator as a police officer, but an allegation of ineligibilty to be appointed. Of this allegation he had notice and appears without objecting to any want of notice and a full hearing and investigation was had.

The second point urged by the counsel is that simple intoxication is not included in the meaning of the word crime, as used in the statute, which disqualifies a person convicted of any crime for membership in the police force. And the third point presented is that there was no competent evidence before the board to show a conviction. The evidence we think was abundant to show a conviction. The record of the police court established it, and besides it was conceded that he was arrested on a charge of intoxication in a public place and taken before a police magistrate and after examination fined five dollars for the offense.

The second question, however, is not so easily disposed of. We are not at all aided by the definition of the word " crime " given in the Penal Code, because the Penal Code was not enacted until 1881, and the offense of the relator was committed, and the conviction therefor, occurred in 1880. The offense for which the relator was arrested, is defined and declared by section 17 of the excise laws (chap. 628 of 1857), as amended by chapter 856 of the Laws of 1869. That act declares it to be the duty of every officer whenever he shall find a person intoxicated in any public place, to apprehend such person and take him before some police magistrate, whose duty it shall be to try him for such offense, and upon his conviction by the magistrate of such offense it is declared that such person shall be fined not less than three nor more than ten dollars in the discretion of the magistrate trying him, and provision is made for his imprisonment in case the fine be not paid. The section then proceeds : "The offense of intoxication in any public place being hereby declared an offense against the provisions of this act and punishable as above provided, it shall be the duties of such officers to arrest, or cause to be

arrested, all such persons when so intoxicated, and of the magistrate to entertain such complaints and make such examination under the penalty of fifty dollars, with full costs of suit for any neglect to comply with the provisions of this section." This provision did not when first enacted apply to the Metropolitan police district, but by the Laws of 1870 (chap. 175), the provisions of the act of 1857 were applied to the whole State. The relator was, therefore, rightly arrested for the offense of intoxication and convicted and fined by the police magistrate.

It can hardly be doubted but that the relator, when in his application he stated that he had not been convicted of any crime, did not suppose that the offense of intoxication was a crime. That would be the general understanding of people not familiar with legal phrases and their significance. Nevertheless it seems impossible to avoid holding that he had in fact been convicted of a crime as that word is used and defined by the laws of the State. On looking into the statutes it will be found that the words "offense" and "crime" are used as synonyms indiscriminately, as meaning the same thing. The statute under which he was arrested declares intoxication in a public place to be an offense and prescribes the punishment that may be imposed therefor. And if we look at the definition as given by the Revised Statutes, we find it declared that the terms crime or offense when used in the statute "shall be construed to mean any offense for which any criminal punishment may by law be inflicted." (3 R. S. [Banks' 7th ed.], 2539, § 32.) We are forced, therefore, to the conclusion that the relator at the time of his appointment was ineligible to the office because he had been convicted of a crime, and by the express terms of the statute no person who has been so convicted can "continue to hold membership" in the police force. After the conviction was established to the satisfaction of the board it was their duty to revoke his appointment and to declare him no longer a member of the police force.

The proceedings must therefore be affirmed, but under the circumstances without costs.

BRADY and DANIELS, JJ., concurred.

Proceedings affirmed, without costs.